UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN WAYNE FOX,

    Plaintiff,

    v.     CAUSE NO. 3:24-CV-370-GSL-APR

CATHY COLLINS, et al.,

    Defendants.

## OPINION AND ORDER

Ryan Wayne Fox, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fox, who was previously housed at Fulton County Jail, alleges that on April 8, 2024, he asked jail staff to send a postcard to his attorney that he had labeled as legal mail. ECF 1 at 3. He asserts Jail Commander Cathy Collins directed Candace Johnston, a jail employee, to return the postcard to him because there was obscene language written on it. *Id*. Fox alleges that the actions of Collins and Johnston in refusing to send his

postcard to his attorney resulted in "delayed court documents" and violated the attorney-client privilege. *Id.*

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Fox has not plausibly alleged that either Collins's or Johnston's conduct in refusing to send the postcard to his attorney prejudiced a potentially meritorious legal claim. He may not proceed on a denial of access to courts claim.

Furthermore, prisoners generally have no right to privacy in outgoing correspondence. *See United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("[B]ecause of their reasonable concern for prison security and inmates' diminished expectations of privacy, prison officials do not violate the constitution when they read inmates' outgoing letters." (alteration in original) (quoting *United States v. Brown*, 878 F.2d 222 (7th Cir. 1989)). However, the constitution places heightened protection on "legal mail," defined as mail to and from an inmate's attorney and properly designated as such because of the potential for interference with his right of access to the courts. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). But the one-time opening of a letter to an attorney is insufficient to state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice or interfering with mail to his attorney. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference). Here, the issue is not that the contents of the communication were revealed – this was a postcard, so the contents were not protected by the attorney-client privilege. Therefore, these allegations do not state a claim.

Fox has also sued Caleb Russell. However, other than listing him as a defendant in the caption of this case, he never mentions him in the body of his complaint. He may not proceed against Russell.

Fox further sues the Fulton County Sheriff's Office. Municipalities can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, such entities cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The three elements required "to establish a *Monell* claim—policy or custom,[1] municipal fault, and moving force causation—are by now familiar. And they must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (internal quotation marks and citation omitted); *see also Howell*, 987 F.3d at 654. (The purpose of these requirements is to "destring between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices."). Here, Fox does not identify any policies or customs by the Fulton County Sheriff's Office that caused him constitutional harm. He has not stated a claim here.

As a final matter, Fox has sued Fulton County Jail. However, the jail is a building, not a "person" or policy-making body that can be sued for constitutional

---

[1] The Seventh Circuit has "recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal quotation marks and citation omitted).

violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He may not proceed against Fulton County Jail.

This complaint does not state a claim for which relief can be granted. If Fox believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Ryan Wayne Fox until **November 14, 2024**, to file an amended complaint; and

(2) CAUTIONS Ryan Wayne Fox that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 22, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT